1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FIREFIGHTERS, LOCAL 1908,

                              Plaintiff,

        v.

COUNTY OF CLARK; LOCAL
GOVERNMENT EMPLOYEE-
MANAGEMENT RELATIONS BOARD,

                              Defendant.

Case No. 2:12-cv-00615-MMD-VCF

ORDER

Before the Court is Plaintiff Firefighters, Local 1908's Notice of Related Cases (dkt. no. 4). Though Plaintiff titled the April 16, 2012, filing as a Notice of Related Cases, the parties briefed the Notice as if it were a consolidation motion, with Defendant Clark County filing a response (dkt. no. 14) and Plaintiff filing a reply (dkt. no. 19). Accordingly, this Court will construe the Notice as a Motion to Consolidate. For the reasons set forth below, Plaintiff's Motion to Consolidate is denied.

**I.     BACKGROUND**

In this action, Firefighters, Local 1908 ("Local 1908"), a local government employee organization that represents various employees in the Clark County Fire Department, challenges Defendant County of Clark's ("the County") assignment of new duties to fire battalion chiefs represented by Local 1908. Local 1908 alleges that the County's actions are an effort to strip

1   battalion chiefs of their right to join an employee association, in violation of their First and

2   Fourteenth Amendment rights to freedom of association.

3       In the 2011 Nevada legislative session, the Nevada Legislature passed Senate Bill 98

4   ("SB 98"), amending Chapter 288 of the Nevada Revised Statutes.  Among other changes, SB

5   98 included a provision prohibiting certain public employees from belonging to an employee

6   organization.  NEV. REV. STAT. § 288.140(4)(a).  Among these prohibited public employees are a

7   certain class of "supervisory employees" who fall within the following group:

8           (b) Any individual or class of individuals appointed by the employer and having
            authority on behalf of the employer to:

9

10              (1) Hire, transfer, suspend, lay off, recall, terminate, promote, discharge,
                assign, reward or discipline other employees or responsibility to direct
11              them, to adjust their grievances or to effectively to recommend such
                action;

12              (2) Make budgetary decisions; and

13              (3) Be consulted on decisions relating to collective bargaining, if, in
                connection with the foregoing, the exercise of such authority is not of a
14              merely routine or clerical nature, but requires the use of independent
                judgment. The exercise of such authority shall not be deemed to place the
15              employee in supervisory employee status unless the exercise of such
                authority occupies a significant portion of the employee's workday.
16

17  NEV. REV. STAT. § 188.075(1)(b).  Plaintiff alleges that the County, in reliance on these changes,

18  sought to push consultation and other duties on the battalion chiefs in an effort to reclassify them

19  as "supervisory employees" under § 288.075(1)(b), thereby triggering § 288.140(4)(a)'s provision

20  precluding these employees from joining an employee organization.  Plaintiff challenges the

21  County's conduct, and lodges a facial attack on the constitutionality of SB 98 as violative of their

22  First and Fourteenth Amendment rights to freedom of association.

23      On April 16, 2012, Plaintiff filed a Notice of Related Cases, seeking assignment of this

24  case and the claimed related case, *Clark County Prosecutors Association v. Clark County Board*

25  *of Commissioners, et al.*, No. 11-1111 (D. Nev. filed July 6, 2011), to a single judge.   In

26  *Prosecutors*, the Clark County Prosecutors Association ("CCPA"), a local government employee

27  organization traditionally representing all individuals holding attorney positions in the Clark

28  County District Attorney's Office, filed suit against Clark County and individual members of the

2

1   Clark County Board of County Commissioners alleging that the County's reclassification of civil

2   deputy district attorneys as not subject to the terms of a collective bargaining agreement violates,

3   *inter alia*, their First and Fourteenth Amendment rights to freedom of association.  In addition to

4   certain supervisory employees discussed above, SB 98 precludes civil law attorneys employed

5   by a local government from belonging to an employee organization. NEV. REV. STAT. §

6   288.140(4)(c).  Clark County apparently relied on this provision of SB 98 in reclassifying its civil

7   deputy district attorneys.  The parties in *Prosecutors* are awaiting a decision on an outstanding

8   motion for summary judgment filed on February 7, 2012.

9                                    **II.    LEGAL STANDARD**

10          Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a

11   common question of law or fact," the court may consolidate the actions.  District courts are given

12   wide latitude in exercising their discretion to grant or deny consolidation.  *See In re Adams*

13   *Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Walker v. Loop Fish & Oyster Co.*, 211 F.2d

14   777, 781 (5th Cir. 1954) (a "district judge has a wide discretion in regulating trial procedure").

15   Consolidation requires only a common question of law or fact; perfect identity between all claims

16   in any two cases is not required, so long as there is some commonality of issues.  To determine

17   whether consolidation is warranted, the Court "weighs the interest of judicial convenience against

18   the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v.*

19   *Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *see also Waste Distillation*

20   *Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) ("The savings of time and

21   effort gained through consolidation must be balanced against the inconvenience, delay or

22   expense that might result from simultaneous disposition of the separate actions.").

23          Local Rule 7-2.1 provides that two actions may be considered to be related when they

24   involve the same parties and are based on the same or similar claims; when they involve the

25   same property, transaction or event; or when they involve similar questions of law and fact and

26   their assignment to the same district judge is likely to "effect substantial savings of judicial effort."

27   This rule recognizes that the reason for consolidation is to avoid "substantial duplication of

28   labor."

                                             3

### III.    DISCUSSION

Plaintiff requests consolidation of this case with *Prosecutors* by pointing to both cases' common challenge to SB 98.  Plaintiff here appears to lodge a facial challenge against SB 98, arguing that its prohibition of the joining of employee organizations for qualifying employees, of which Plaintiff *might* belong, violates their core constitutional right to freedom of association. NEV. REV. STAT. § 288.140(4)(a).  Similarly, the CCPA challenges the reclassification of civil deputy district attorneys as not being represented by an ongoing collective bargaining agreement because they too fall within the category of public employees who cannot join an employee association.  *Id.* at § 288.140(4)(c).

While both actions challenge the constitutionality of SB 98, analysis of the constitutional questions at stake in the two cases will inevitably diverge.  Though Plaintiff correctly recognizes that the County's success in either litigation might result in a prohibition on Local 1908's battalion chiefs and the CCPA's civil attorneys from joining unions, the interests motivating the Nevada Legislature's decision to include both groups within its § 288.140(4) prohibitions might be sufficiently distinct as to counsel against consolidation.  As a result, the constitutional merits of a claim with respect to supervisory employees might be different than a claim with respect to civil attorneys.  The reasons for mandating that civil attorneys not join employee associations might be altogether different from the reasons for precluding supervisory employees from joining them. This divergence in the constitutional analysis militates against consolidation.  Indeed, Local Rule 7-2.1(c) recommends consolidation when a similar result is likely to be reached in both cases. These are not such cases.

The County notes that the conduct that gave rise to both suits differs, and that the CCPA has alleged actual financial harm as a result while Local 1908 has alleged only "anticipatory and speculative" damage.  (Dkt. no. 14 at 4).  Plaintiff counters that different harms suffered by the two plaintiffs are irrelevant; both cases involve the same statute's violation of the plaintiffs' right of association.  (Dkt. no. 19 at 2).  While both plaintiffs seek in part to vindicate their association rights, the conduct of the litigants and the harms alleged by the plaintiffs in each case demonstrate that adjudication of each plaintiff's claims requires unique factual and legal

considerations.  In *Prosecutors*, the County already stripped the civil deputy district attorneys of their collective bargaining rights in reliance on SB 98.  In contrast, it is undisputed that the battalion chiefs are covered by a collective bargaining agreement with the County that does not expire until June 2013, and Plaintiff is claiming that the County has assigned duties to its members and taken other steps in an attempt to move them into the category of supervisory employees who are prohibited from joining an employee organization under § 288.140(4)(a). Moreover, Plaintiff requests consolidation notwithstanding the presence of additional legal issues in the *Prosecutors* litigation, including breach of contract and constitutional contract issues. While the Court agrees with Plaintiff that one-to-one identity of the issues is not required in order to order consolidation, *see, e.g.*, *Sinclair v. Donovan*, 2011 WL 1870288, at *2 (S.D. Ohio May 13, 2011) ("Rule 42(a) does not require identicality of all facts and legal issues"), the different statutory provisions upon which each challenge is lodged coupled with the unique factual allegations and different types of conduct alleged to have occurred render consolidation imprudent to effectuate the speedy disposition of both suits.

Finally, and perhaps most importantly, the two cases that Plaintiff seeks to consolidate are at different stages in the litigation process.  This case has not cleared the Motion to Dismiss hurdle, while the district judge in the *Prosecutors* litigation is considering a summary judgment motion.  Were this case to be consolidated, the outstanding summary judgment decision would only bind the County as against CCPA, and additional briefing and discovery would be required as between the County and Local 1908.  In effect, the consolidation motion would only shift the workload between district courts, this time asking the *Prosecutors* Court to rule on a challenge to a slightly different provision of law with a different set of facts.  The exercise of this Court's discretionary authority to order consolidation would not save judicial resources, and has the real possibility of confusing the factual and legal issues at stake in both suits.  *See Arkansas Right to Life State Political Action Committee v. Butler*, 972 F.Supp. 1187, 1193 (W.D. Ark. 1997) (denying consolidation in part based on different procedural postures); *Long v. Dickson*, 2006 WL 1896258, at *1 (D. Kan. June 29, 2006); *Bruno v. Borough of Seaside Park*, 2006 WL 2355489, at *2 (D.N.J. Aug. 14, 2006).  Whatever additional time the district court judge might

1   have had in familiarizing himself with the *Prosecutors* litigation will not make up for the added

2   time in disposing of this case and the added risk of confusing the legal and factual issues.

3   Consolidation is thus inappropriate.

4          Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to consolidate as

5   articulated in its Notice of Related Cases (dkt. no. 4) is DENIED.

6

7          ENTERED THIS  1ˢᵗ day of June 2012.

8

9          _____

10         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28